## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**JARVIS PERRY**                                          :
310 Morton Avenue                                        :
Paulsboro, NJ 08066                                      :
              Plaintiff,     :    Case Number 21-3523
                                       :

      v.                                              :
                                       :

**NEW JERSEY DEPARTMENT OF**                             :
**CORRECTIONS**, an                                      :
Administrative Department of the State                   :
of New Jersey, having a main office at                   :
P. O Box 863                                             :
Whittlesey Road                                          :
Trenton, New Jersey 08625 - 0863                         :
                                       :

**CHRISTOPHER BIRARDI**, individually                    :
and in his Supervisory capacity as a                     :
Supervisory Officer with Defendant                       :
NJDOC, having a main office at                           :
P. O Box 863                                             :
Whittlesey Road                                          :
Trenton, New Jersey 08625 - 0863                         :
                                       :

**JENNIFER CAIGNON**, individually                       :
and in her Supervisory capacity as a                     :
Supervisor with Defendant NJDOC's                        :
Human Resources Department, having                       :
a main office at                                         :
P. O Box 863                                             :
Whittlesey Road                                          :
Trenton, New Jersey 08625 - 0863                         :
                                       :

      and                                             :
                                       :

**DUANE GRADE**, individually and in his                 :
Supervisory capacity as a Chief                          :
Investigator with Defendant NJDOC,:
having a main office at                                  :
P. O Box 863                                             :
Whittlesey Road                                          :
Trenton, New Jersey 08625 - 0863                         :
                            Defendants.      :

## COMPLAINT
## JURISDICTION, VENUE AND PARTIES

1.     Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by §1981a (hereinafter, "Title VII"), 42 U. S. C. §1988.  Jurisdiction is invoked pursuant to 28 U.S.C. §1331 and §1343.  The Court's Pendent jurisdiction is invoked pursuant to 28 USC §1367(a).

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's causes of action arose in the District of New Jersey, and all the Defendants are found in the District of New Jersey.

3.     Plaintiff is Jarvis Perry, an adult individual presently aged 52 years old and a citizen of the State of New Jersey, who resides at 310 Morton Avenue, Paulsboro, NJ 08066.

4.     Defendant New Jersey Department of Corrections ("NJDOC") is an administrative branch of the State of New Jersey charged, *inter alia*, with overseeing the housing and retention of persons charged with or convicted of the commission of crimes.  Defendant NJDOC has a main office located at Whittlesey Road, P. O. Box 863, Trenton, New Jersey 08625-0863.

5.     Defendant Christopher Birardi ("Biradi") is an adult individual who works for and on behalf of Defendant NJDOC as a Supervisor of Investigators and has a main office located at Whittlesey Road, P. O. Box 863, Trenton, New Jersey 08625-0863.

6.     Defendant Jennifer Caignon ("Caignon") is an adult individual who works for and on behalf of Defendant NJDOC as a Human Resources Department Supervisor and has a main office located at Whittlesey Road, P. O. Box 863, Trenton, New Jersey 08625-0863.

7.     Defendant Duane Grade ("Grade") is an adult individual who works for and on behalf of Defendant NJDOC as a Chief Investigator, a supervisory position, and has a main office

located at Whittlesey Road, P. O. Box 863, Trenton, New Jersey 08625-0863.

8.      At all times material hereto, Defendant NJDOC acted or failed to act through its

authorized supervisory agents, servants, workmen and employees including, but not

limited to, Defendants Christopher Birardi, Jennifer Caignon and Duane Grade, who were

at all times then and there acting within the course and scope of their employment with

Defendant as a Supervisor of Investigators (Birardi), Human Resources Supervisor

(Caignon) and Chief Investigator (Grade).

9.      At all times material hereto, Defendants Birardi, Caignon and Grade were Supervisory

employees acting in the course and scope of their agency and/or employment with and on

behalf of and/or under the management, control and/or direction of Defendant NJDOC,

and said Defendant NJDOC was liable and responsible for their individual and/or joint

conduct either directly and/or vicariously under the doctrine of Respondeat Superior

10.     At all times material hereto, Defendants Birardi, Caignon and Grade were acting

intentionally, maliciously, and in reckless disregard of the Plaintiff's right to be free from

race discrimination and retaliation for complaining about discrimination based on

national origin.

## ADMINISTRATIVE PROCEDURES

11.     Plaintiff filed charges of discrimination and harassment alleging continuing race

discrimination and continuing retaliation against Defendant NJDOC with the New Jersey

Division of Civil Rights, Charge No. 530 - 2020 - 04084 on 21 May 2020.

12.     Plaintiff received a Dismissal and Notice of Rights ("Right to Sue") to Sue Within 90

Days from the U. S. Equal Employment Opportunity Commission dated 19 January 2021.

A copy of the Right to Sue is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

13.     Plaintiff Perry began working with Defendant NJDOC in 2001 as a Corrections Officer and rose through the ranks to become a Senior Investigator in January 2016, and then to Senior Investigator in NJDOC's Parole and Secured Facilities on June 28, 2018. Plaintiff Perry is the only African American assigned to the Special Investigation Division at South Woods State Prison.

14.     At all times relevant hereto, Plaintiff's service has been exemplary.

15.     More specifically, Plaintiff Perry's work performance was rated "Exceptional" for the work period from 2015 - June 2016, "Commendable" for the work period of June 2016 - June 2017, and "Exceptional" for the work period of June 2017 - June 2018.

16.     At all times relevant hereto, and continuing up to the present, Plaintiff Perry has been subjected to disparate, demeaning, discriminatory treatment on the basis of his race and then when he complained about that disparate treatment he was retaliated against.

## OPERATIVE ALLEGATIONS

17.     On several occasions in early 2019, Plaintiff was subjected to discriminatory treatment in job assignments,

18.     Plaintiff Perry was ordered and required to complete assignments that were disruptive and sometimes detrimental to his duties, while similarly situated White investigators were given the option of accepting or rejecting those same assignments.

19.     On one occasion, Defendant Birardi ordered and required the Plaintiff perform the responsibility of White Senior Investigator by requiring Plaintiff to complete his monthly report.

20.     On or about the week of February 25, 2019, Defendant Birardi sent the Plaintiff an email

requiring the on-call investigator, Plaintiff, to wash Defendant Birardi's vehicle and other state vehicles.

21. Defendant Birardi specifically created the duty to wash vehicles to discriminate against Plaintiff by forcing him to do work unbecoming, embarrassing and inappropriate for a Senior Investigator.

22. Similarly situated White Senior Investigators were not asked to wash Defendant Birardi's vehicle or to wash other state vehicles.

23. Plaintiff Perry complained about the targeted and inappropriate assignment to his union representative.

24. As a result of these and other discriminatory acts, on or about March 18, 2019, Plaintiff Perry filed an internal complaint with Defendant NJDOC complaining of the heretofore described disparate treatment events.

25. Defendant NJDOC took no action to investigate Plaintiffs complaint, nor to train, educate, or discipline Defendant Birardi regarding race discrimination, accordingly, the disparate treatment continued.

**RETALIATION**

26. In retaliation for filing the internal complaint, on or about April 11, 2019, Defendant Birardi directed Plaintiff to retrieve a vehicle from the Central Office on the following day. This was after Defendant Biradi first gave another Investigator the option of performing the task.

27. Plaintiff recorded this conversation with Defendant Birardi, with said Defendant's knowledge and acquiescence, regarding this assignment.

28. Nonetheless, despite the recording to the contrary, Defendant Birardi claimed that

Plaintiff had questioned his directive and hung up and directed Chief Investigator Duane Grade to issue the Plaintiff a verbal reprimand.

29. Similarly situated white Investigators were not issued verbal reprimands or Letters of Counseling after refusing job assignments from Defendant Birardi.

30. Defendant Birardi facilitated the issuance of the Letter of Counseling for no other reason than to retaliate against the Plaintiff for filing the internal complaint three weeks earlier.

31. Defendant Grade, as a Chief Investigator, knew that a Letter of Counseling was unwarranted, but chose to issue the letter at Defendant Birardi's behest for no other reason than to retaliate against the Plaintiff, in concert with Defendant Birardi, for having earlier filed internal complaints of discrimination and retaliation against Defendant Birardi.

32. As a result, Plaintiff Perry filed a second internal complaint with Defendant NJDOC on July 11, 2019 reporting that he was being subjected to continuing retaliation by Defendant Birardi after the filing of the first internal complaint.

33. However, Defendant NJDOC took no remedial action to train or discipline Defendant Birardi regarding race discrimination and/or retaliation, and the race discrimination and retaliation continued.

34. Because of the continued race discrimination and retaliation, Plaintiff Perry filed a third internal complaint on October 23, 2019 stating that he was still being subjected to retaliation as a result of his earlier internal filings against Defendant Birardi, but again Defendant NJDOC took no remedial action, and made no effort to train or educate Defendant Birardi regarding race discrimination and/or retaliation, and the retaliation continued.

35.     On November 1, 2019, Defendant NJDOC issued a ruling relative to the Plaintiff's

        second internal complaint and concluded that Defendant Birardi had not engaged in

        retaliatory conduct as related to the filing of the first internal complaint.

36.     Finally, on November 6, 2019, Plaintiff Perry filed a fourth internal complaint, again

        disclosing that he was being subjected to retaliation by Defendant Birardi for having filed

        the earlier complaints.

37.     Again, Defendant NJDOC took no remedial action against Defendant Birardi and made

        no effort to train and/or instruct him regarding race discrimination or retaliation.

38.     On November 12, 2019, Defendant NJDOC again issued a ruling relative to the

        Plaintiff's first internal complaint of March 2019, and again concluded that there was no

        finding of race discrimination as alleged in the first internal complaint.

39.     In or about November 14, 2019, during a meeting with Defendant Birardi regarding

        Plaintiff's work performance review for the period June 2018 - June 2019, Plaintiff Perry

        learned that his work performance rating for that period was reduced. Plaintiff asked

        Defendant NJDOC's Human Resources Department for a copy of that and his pervious

        reviews.

40.     On November 14, 2019, in response to the Plaintiff's request for copies of his work

        performance reports, Defendant NJDOC's Human Resources Manager Jennifer Caignon

        provided Plaintiff with copies of his earlier work performance reviews,  and directed

        Plaintiff to contact the secretary at Defendant NJDOC's Central Office Headquarters

        regarding a copy of his June 2018 - June 2019 work performance review.

41.     On November 18, 2019, Defendant Birardi, and therefore Defendant NJDOC, served the

        Plaintiff with a preliminary notice of disciplinary action which disclosed that he would be

demoted to a former job title outside the Special Investigation Division because Plaintiff allegedly failed and neglected to properly perform evidence custodian responsibilities.

42.   Plaintiff Perry had no prior indication that any of his job performance was problematic or substandard, thus demotion was unfounded, and pretextual.

43.   Defendant NJDOC's failure to provide the Plaintiff with a copy of the June 2018 - June 2019 work performance review and subsequent demotion serve no other reason than to retaliate against the Plaintiff for having filed the earlier internal complaints against Defendant Birardi.

44.   On May 5, 2020, Plaintiff Perry again formally requested a copy of his work performance review for June 2018 - June 2019, but Defendant NJDOC again failed to provide the requested copy.

45.   Defendant NJDOC's continued failure to provide the Plaintiff with a copy of the June 2018 - June 2019 work performance review constituted continued retaliation by Defendant NJDOC against the Plaintiff for having filed the earlier internal complaints against Defendant Birardi.

46.   As a result of the continuing unfair treatment afforded the Plaintiff in the assignment of work duties, and Defendant NJDOC's failure to take any remedial action against Defendant Birardi, Plaintiff Perry has had to work in a hostile work environment.

47.   As a further direct and proximate result of the continuing disadvantageous treatment afforded him, the retaliation, and demotion, Plaintiff has experienced fear and anxiety, and has further suffered mental anguish, loss of sleep, and a loss of professional opportunity and prestige.

**FEDERAL CLAIMS**

**COUNT I:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS**
**Violation of 42 U. S. C. §2000e-2(a)(1)**

48.   The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

49.   The acts and/or failures to act of Defendant Birardi, which were the acts and failures to act of Defendant New Jersey Department of Corrections, discriminated against the Plaintiff on the basis of his race, and in the terms and conditions of his employment and denied him of rights and/or protections secured to him by 42 U.S.C. §2000e.

50.   The acts and failures to act of Defendant Birardi, which were the acts and failures to act of Defendant New Jersey Department of Corrections, discriminated against the Plaintiff on the basis of his race and constituted an unlawful employment practice in violation of 42 U. S. C. 2000e-2(a)(1).

  **WHEREFORE**, the Plaintiff demands judgment against the Defendant New Jersey Department of Corrections in a sum in excess of One Hundred Fifty Thousand Dollars ($150.000.00).

**COUNT II:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS**
**Violation of 42 U. S. C. §2000e-2(a)(2)**

51.   The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

52.   The acts and/or failures to act of Defendant Birardi, which were the acts and failures to act of Defendant New Jersey Department of Corrections, discriminated against the Plaintiff by serving to limit, segregate and classify him in a way which deprived him of employment opportunities and adversely affected his status as an employee because of

his race.

53.     The acts and failures to act of Defendant Birardi, which were the acts and failures to act

of Defendant New Jersey Department of Corrections, discriminated against the Plaintiff

on the basis of his race and constituted an unlawful employment practice in violation of

42 U. S. C. 2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant New Jersey

Department of Corrections in a sum in excess of One Hundred Fifty Thousand Dollars

($150.000.00), and for any and all attorneys fees as allowed by 42 U.  S.  C. §1988.

### COUNT III:   PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS
### Violation of 42 U. S. C. §2000e-3

54.     The Allegations contained in all preceding paragraphs are incorporated here as if set forth

fully and here reiterated in their entirety.

55.     The acts and failures to act of Defendant New Jersey Department of Corrections, by and

through its supervisory agents, workmen, and employees, Defendants Birardi, Caignon

and Grade constituted an unlawful employment practice in that they discriminated against

the Plaintiff because he opposed and complained about practices made unlawful under 42

U. S. C. §2000e-1 et seq.

56.     Defendant New Jersey Department of Corrections is strictly liable for the acts and

failures to act of its supervisory personnel, including Defendants Birardi Caignon and

Grade.

57.     The acts and failures to act of Defendant New Jersey Department of Corrections

constituted an unlawful employment proscribed by 42 U. S. C. §2000e-3.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant New Jersey

Department of Corrections in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorney fees as allowed by 42 U. S. C. §1988.

## STATE LAW CLAIMS

**COUNT IV:     PLAINTIFF V. DEFENDANT NEW JERSEY DEPARTMENT OF CORRECTIONS**
**Violation of N.  J.  S.  A.  §10:5 - 1, 10:5 - 12(11)(a))**

58.    The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

59.    The New Jersey Law Against Discrimination (LAD) makes it unlawful to discriminate against individuals in compensation or in terms, conditions or privileges of employment based on race.

60.    The Defendant New Jersey Department of Corrections, by and through its Supervisors, agents, workmen and employees, including, but not limited to Defendant BIRARDI, discriminated against the Plaintiff in the terms, conditions and privileges of his employment because of his race.

61.    The Defendants' conduct, by and through its Supervisors, agents, workmen and employees, for which the Defendant is responsible and liable, constituted an Unlawful Discriminatory Practice as proscribed by N.  J.  S.  A.  10:5 - 1 and 10:5 - 12(11)(a).

*WHEREFORE*, the Plaintiff seeks compensatory damages from Defendant New Jersey Department of Corrections in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys fees as may be allowed under New Jersey Law.

**COUNT V:     PLAINTIFF V. DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS and CHRISTOPHER BIRARDI**
**Violation of N.  J.  S.  A.  §10:5 - 1, 10:5 - 12(11)(d))**

62.    The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

63.    N. J. S. A. 10:5-12(11)(d) makes it unlawful "For any person to take reprisals against any person because that person has opposed any practices or acts forbidden under this act....".

64.    Defendant New Jersey Department of Corrections, by and through its supervisory agent, workman, agent and employee, Defendant Birardi, discriminated against the Plaintiff because he filed internal complaints against Defendant Birardi and complained about discrimination against him because of his race, which is forbidden by N. J. S. A. 10:5-12(11)(d).

65.    Defendant New Jersey Department of Corrections is directly and vicariously liable for the acts and failures to act of its supervisory agent, workman, agent and employee, Defendant BIRARDI, whose conduct constituted Unlawful Discriminatory Practices as proscribed by N. J. S. A. 10:5-12(11)(d).

66.    The Defendants' conduct constituted Unlawful Discriminatory Practice as proscribed by N. J. S. A. 10:5-12(11)(d).

   **WHEREFORE**, the Plaintiff seeks compensatory damages from Defendant New Jersey Department of Corrections in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys fees as may be allowed under New Jersey Law.

**COUNT VI:  PLAINTIFF -v- DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS and DUANE GRADE**
**(N. J. S. A. §10:5 - 1, 10:5 - 12(11)(e))**

67.    The allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

68.    N. J. S. A. 10:5-12(11)(e) makes it unlawful "For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

69.    Defendant GRADE discriminated against the Plaintiff by aiding, abetting and inciting Defendant Birardi, to retaliate against the Plaintiff, as described herein, for having filed a Charge of Discrimination with Defendant New Jersey Department of Corrections against Defendant Birardi, which is forbidden by N. J. S. A. 10:5-12(11)(e).

70.    Defendant New Jersey Department Of Corrections is directly and vicariously liable for the acts and failures to act of Defendant Grade, whose conduct constituted Unlawful Discriminatory Practices as proscribed by N. J. S. A. 10:5-12(11)(e).

**WHEREFORE**, the Plaintiff seeks compensatory damages from Defendants New Jersey Department of Corrections and Grade, individually and/or jointly, in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys fees as may be allowed under New Jersey Law.

## COUNT VII:  PLAINTIFF -v- DEFENDANTS NEW JERSEY DEPARTMENT OF CORRECTIONS and JENNIFER CAIGNON
### (N. J. S. A. §10:5 - 1, 10:5 - 12(11)(e))

71.    The allegations contained in all preceding Paragraphs are here incorporated and included by reference as if fully set forth here.

72.    N. J. S. A. 10:5-12(11)(e) makes it unlawful "For any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

73.  Defendant Caignon discriminated against the Plaintiff by aiding, abetting and inciting Defendant Birardi to retaliate against the Plaintiff, as described herein, for having filed a Charge of Discrimination with Defendant New Jersey Department Of Corrections against Defendant Birardi, which is forbidden by N. J. S. A. 10:5-12(11)(e).

74.  Defendant New Jersey Department of Corrections is directly and vicariously liable for the acts and failures to act of Defendant Caignon, whose conduct constituted Unlawful Discriminatory Practices as proscribed by N. J. S. A. 10:5-12(11)(e).

   **WHEREFORE**, the Plaintiff seeks compensatory damages from Defendants New Jersey Department of Corrections and Caignon, individually and/or jointly, in excess of One Hundred Fifty Thousand Dollars ($150,000.00). Furthermore, the Plaintiff is entitled to and demands all costs, fees, expenses and attorneys fees as may be allowed under New Jersey Law.

   Respectfully submitted,

   **MINCEY FITZPATRICK ROSS, LLC**

   /s/ Zainab K. Ali
   Zainab K. Ali, Esquire
   NJ Attorney ID #183542016
   Centre Square
   1500 Market Street
   12th Floor, East Tower
   Philadelphia, PA 19102
   (215) 587-0006 (office)
   (215) 587-0628 (fax)
   *Attorneys for Plaintiffs*